THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA SIMPSON,<br><br>                Plaintiff,<br><br>   v.<br><br>ONUR UNLU, *et al.*,<br><br>                Defendants. | CASE NO. C24-1816-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to remand (Dkt. No. 6). Having thoroughly considered the briefing and the relevant record, the Court GRANTS Plaintiff's motion for the reasons explained herein.

Plaintiff brought suit in King County Superior Court in August 2024, alleging that Defendants injured her in an automobile accident. (Dkt. No. 1-3 at 2.) The complaint asserts "past, present and future damages" but does not assert a specific type of injury or amount in dollars. (*Id.*) Defendants' counsel asked Plaintiff's counsel over email whether Plaintiff intended to claim damages in excess of $75,000. (Dkt. No. 10 at 83.) Plaintiff's counsel did not answer this question. (*See generally id.* at 80–83.) Defendants then removed the case. (*See* Dkt. No. 1.)

Plaintiff now moves to remand, asserting that the amount in controversy required for diversity jurisdiction is not satisfied. (Dkt. No. 6 at 2–4.) Subsequent to Plaintiff's motion,

1    Defendants' counsel offered to stipulate to a remand via email. (Dkt. No. 10 at 90.) Plaintiff's
2    counsel expressed some interest but maintained an "unwillingness to assert that her damages are
3    either below or above $75,000." (*Id.* at 88.)
4        A defendant to a civil action brought in state court may remove the action to federal court
5    if the federal court would have had jurisdiction. 28 U.S.C. § 1441(a). The case must be remanded
6    to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).
7    Federal subject matter jurisdiction exists in civil actions when the parties are completely diverse
8    and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Defendants claim diversity
9    jurisdiction here. (Dkt. No. 2 at 3.) Plaintiff concedes that the parties are diverse, (Dkt. No. 6 at
10   1), leaving only the question of the jurisdictional amount.
11       An amount asserted in good faith in the initial complaint is considered the amount in
12   controversy. 28 U.S.C. § 1446(c)(2). A defendant's notice of removal may assert the amount
13   when plaintiff's complaint does not. *See id.* § 1446(c)(2)(A)(ii). If the parties contest the amount,
14   the court must find whether the jurisdictional minimum is met by a preponderance of the
15   evidence. *Id.* § 1446(c)(2)(B), *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89
16   (2014). Courts may consider relevant "summary-judgment-type" evidence. *Kroske v. U.S. Bank*
17   *Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). The removing defendant bears the burden of
18   establishing jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992), *Abrego Abrego v. The*
19   *Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Where doubt regarding the right to removal
20   exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*,
21   319 F.3d 1089, 1090 (9th Cir. 2003).
22       Defendants make several arguments supporting their position that the jurisdictional
23   minimum has been met. (Dkt. No. 9 at 3–5.) None are persuasive.
24       Defendants maintain that the total damages from the accident "can exceed $75,000
25   depending on the evidence." (*Id.* at 3.) Perhaps this is true, but Defendants fail to put forth
26   evidence that meets even the bare preponderance threshold. In other words, Defendants seem to

have misconstrued their evidentiary burden at this juncture. To be sure, Defendants have provided undisputed evidence that there is at least $13,500 in controversy from damage to Plaintiff's vehicle. (Dkt. Nos. 10 at 9, 11 at 3.) But this still leaves them $61,500 short of the jurisdictional minimum. And they have provided no additional evidence. (*See generally* Dkt. Nos. 9, 10.) Defendants candidly admit that they do not have medical bills, (Dkt. No. 9 at 3), and do not have any other such evidence that gets them closer to the jurisdictional amount. (*See generally id.*) They intimate that unknown medical costs, missed work, and non-economic damages will add up, (*id.* at 3), but they do not, and cannot, go so far as to actually allege these amounts do add up to the minimum. *Compare Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011) (amount in controversy satisfied where complaint claimed the "litany of injuries . . . include but are not limited to 'future thromboembolic events . . . physical pain and mental anguish, diminished enjoyment of life, medical, health, incidental and related expenses, the need for lifelong medical treatment, monitoring and/or medications'") *with Sotres v. GEICO Gen. Ins. Co.*, 2020 WL 6938471, slip op. at 2 (W.D. Wash. 2020) (although plaintiff claimed specific injuries in complaint, "Defendant provides no evidence that would allow the Court to value these claims"). Again, all Defendants can conclude is that "it is not inconceivable" that the jurisdictional minimum is met. (Dkt. No. 9 at 5.) This is far short of their evidentiary burden.

Defendants further argue that the emails between counsel support a finding that the jurisdictional amount is met. (Dkt. No. 9 at 3–5.) To their credit, a settlement letter may be sufficient if it establishes a reasonable estimate of the plaintiff's claim. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). But both email exchanges here fall far short of this standard. Before removal, Plaintiff's counsel refused to limit her damages. This leaves the amount in controversy at the same place as in the complaint—unknown. And Defendants offer no support for the proposition that refusing a limit somehow evidences the amount in controversy. (*See generally* Dkt. No. 9 at 3.) It is not Plaintiff's burden to establish her damages on the jurisdictional question here; it is Defendants'.

ORDER
C24-1816-JCC
PAGE - 3

After removal, Plaintiff's counsel offered to stipulate to remand but insisted that any such stipulation had no bearing on whether the amount in controversy was above *or* below $75,000. (Dkt. No. 10 at 88.) This is in no way a "reasonable estimate" like the settlement letter in *Cohn*. 281 F.3d at 840. Defendants cite *Baxter v. Nat'l Safety Council*, 2005 WL 2219369 (W.D. Wash 2005), to support their argument, (Dkt. No. 9 at 5), but that case is also distinguishable. There, Plaintiff made a settlement offer for a specific dollar amount in a 15-page letter. *Baxter*, 2005 WL 2219369, slip op. at 1–2. Here, there is just a three-sentence email that refuses to commit to a dollar amount. (Dkt. No. 10 at 88.) Therefore, the email exchanges do not evidence the amount in controversy.

Defendants have not otherwise offered evidence that there is an amount greater than approximately $13,500 in controversy. The Court is left with doubt regarding its jurisdiction. Therefore, Defendants have failed to meet their burden of establishing, by a preponderance of the evidence, that Plaintiff's claims exceed $75,000. For the foregoing reasons, Plaintiff's motion for remand (Dkt. No. 6) is GRANTED. The Clerk is DIRECTED to remand this case to King County Superior Court.

DATED this 3rd day of January 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE